J-S39040-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DONALD MICHAEL KLOCH, | : | |
| | : | |
| Appellant | : | No. 1833 MDA 2015 |

Appeal from the PCRA Order September 18, 2015
in the Court of Common Pleas of York County
Criminal Division, at No(s): CP-67-CR-0006893-2012

BEFORE:     STABILE, PLATT,* and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                    **FILED JULY 08, 2016**

Donald Michael Kloch (Appellant) appeals from the order which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

A prior panel of this Court summarized the facts underlying this matter as follows.

> On February 11, 2013, a jury found [A]ppellant guilty of one count of attempted homicide, two counts of aggravated assault, three counts of terroristic threats, one count of false imprisonment, one count of unlawful restraint, three counts of simple assault, three counts of recklessly endangering another person [("REAP")], and one count of attempted involuntary deviate sexual intercourse ("IDSI").
>
> Appellant's convictions arose from events that transpired on May 7, 2012, in Peach Bottom Township. At that time, the victim, Aerial Auble, was at [A]ppellant's house purchasing and consuming drugs. Auble came and went from [A]ppellant's residence several times that day. Eventually, after exchanging text messages with one Kacey Simon, Auble informed

*Retired Senior Judge assigned to the Superior Court.

[A]ppellant that Simon could get them a good deal on Percocet. Appellant gave Simon [approximately] $800 and transported Auble and Simon to a house in Maryland. Simon went into the house, but never returned, and no one answered the door to the house when [A]ppellant knocked. Simon initially had responded to text messages from Auble, but eventually stopped returning her messages.

Appellant and Auble returned to [A]ppellant's residence and went into his bedroom. Appellant announced his intent to go to Simon's house. He retrieved a double-barreled shotgun and loaded it. Auble attempted to grab her purse and leave, but [A]ppellant prevented her. Appellant told Auble that she was responsible for him losing his money and that she needed to fix it. Appellant then repeatedly told Auble that she better be "a good piece of ass" for his money. Appellant grabbed Auble by the hair and the shotgun discharged through the floor near Auble's feet. Appellant pushed Auble onto the bed and, while holding her down, reloaded the shotgun. Appellant first tried to remove Auble's clothing and then exposed his penis and attempted to force Auble's face down to his groin, telling her to "suck his dick."

At this moment, Auble's cellular telephone began to ring. Appellant grabbed the phone and hit Auble in the head with it which had the inadvertent effect of answering the telephone. On the other end was Auble's mother who overheard the sounds of their struggle. Auble's mother summoned Auble's father and the two of them, along with one Benjamin Pohl, went to [A]ppellant's house. Ultimately, Auble's father and Pohl entered the house and broke down the bedroom door. Appellant threatened them with the shotgun, and a physical struggle for the gun ensued among [A]ppellant, Auble's father, and Pohl, with the gun twice discharging into the bedroom wall. Appellant eventually lost control of the gun and Auble, her father, and Pohl were able to make their escape. Appellant followed them out onto his front porch threatening that if he ever saw any of them again, he would kill them.

*Commonwealth v. Kloch*, 105 A.3d 784 (Pa. Super. 2014) (unpublished

memorandum at 1-3) (footnotes omitted).

On May 30, 2013, Appellant was sentenced to an aggregate term of 8½ to 17 years of imprisonment with a consecutive 5 years of probation. Appellant filed post-sentence motions, which were denied after a hearing. Appellant filed a notice of appeal to this Court, which affirmed his judgment of sentence on July 8, 2014. *See Commonwealth v. Kloch*, 105 A.3d 784 (Pa. Super. 2014) (unpublished memorandum).

On October 15, 2014, Appellant *pro se* filed a PCRA petition. Counsel was appointed, and an amended petition was filed on February 2, 2015. Following a hearing held on June 19, 2015, the PCRA court denied Appellant's petition. This appeal followed.

Appellant presents one issue for this Court's consideration: "Whether the PCRA court erred by finding that Appellant's counsel was not ineffective for failing to call character witnesses when the only two witnesses to critical points of the events were Appellant and the victim, and such character evidence is of paramount important [*sic*] under such circumstances?" Appellant's Brief at 4.

> Our standard of review of [an] order granting or denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Melendez–Negron*, 123 A.3d 1087, 1090 (Pa. Super. 2015) (citation omitted).

- 3 -

Appellant's claim is based upon the alleged ineffective assistance of his trial counsel.

> [I]n order to obtain relief based on [an ineffective assistance of counsel] claim, a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.
>
> Trial counsel is presumed to be effective, and a PCRA petitioner bears the burden of pleading and proving each of the three factors by a preponderance of the evidence.

*Commonwealth v. Steckley*, 128 A.3d 826, 831 (Pa. Super. 2015) (citations omitted).

Because Appellant argues that trial counsel was ineffective for failing to call certain witnesses, the following standards also are applicable.

> To establish ineffectiveness for failure to call a witness, Appellant must establish that: (1) the witness existed; (2) the witness was available; (3) counsel was informed of the existence of the witness or counsel should otherwise have known him; (4) the witness was prepared to cooperate and testify for Appellant at trial; and (5) the absence of the testimony prejudiced Appellant so as to deny him a fair trial. A defendant must establish prejudice by demonstrating that he was denied a fair trial because of the absence of the testimony of the proposed witness.

*Commonwealth v. Todd*, 820 A.2d 707, 712 (Pa. Super. 2003) (quoting

*Commonwealth v. Khalil*, 806 A.2d 415, 422 (Pa. Super. 2002)).

Evidence of a person's character is generally inadmissible as proof that the person acted consistent with that character on any particular occasion. Pa.R.E. 404(a)(1). However, a criminal defendant may offer evidence of his or her pertinent character trait as substantive evidence that he or she did not commit a charged crime. Pa.R.E. 404(a)(2)(A); **Commonwealth v. Padden**, 50 A.2d 722, 725 (Pa. Super. 1947). "[O]ur Supreme Court has interpreted the term 'pertinent' to refer to a character trait that is relevant to the crime charged against the accused." **Commonwealth v. Minich**, 4 A.3d 1063, 1071 (Pa. Super. 2010).

Herein, Appellant challenges trial counsel's failure to call witnesses to testify at trial as to Appellant's character for truthfulness and non-violence. With respect to Appellant's character for truthfulness, we note that, as observed by the Commonwealth, Appellant failed to present any witnesses at the PCRA hearing to testify to that character trait. Commonwealth's Brief at 17-18. Appellant presented four character witnesses at the PCRA hearing in an effort to elicit testimony limited to Appellant's character for peacefulness and non-violence. N.T., 6/19/2015, at 58-72. Thus, in this regard, Appellant has failed to prove he is entitled to relief on the ineffectiveness claim relating to truthfulness. **See Todd**, 820 A.2d at 712 (explaining that, in order to establish ineffectiveness for failure to call a witness, Appellant must establish that the witness existed, was available,

and was prepared to cooperate and testify for Appellant at trial, among other factors).

As for Appellant's character for non-violence, the PCRA court concluded that, *inter alia*, trial counsel had a reasonable basis for not calling character witnesses. With respect to the reasonable basis prong of the ineffectiveness test, our Supreme Court has observed:

> Our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that the trial counsel's decision had any reasonable basis.

***Commonwealth v. Hawkins***, 894 A.2d 716, 730 (Pa. 2006) (emphasis in original) (citation omitted).

In reaching its conclusion, the PCRA court reasoned, in part, as follows:

> During the PCRA hearing, trial counsel was asked why he did not present character witnesses on [Appellant's] behalf. Trial counsel explained his rationale:
>
>> [M]y thought process was how am I going to be able to bring testimony in from these people saying that he has a reputation in the community for being a peaceful, law abiding person when he himself is getting on the stand, admitted he went to the closet and got a shotgun out and loaded it in an effort to go hunt this guy down to get his money back. So I thought that would be -- it looked poorly, it would come out poorly to the jury is what I was thinking.

[N.T., 6/19/2015, at 30-31.]

      [Appellant] testified at trial about a conversation with the victim while returning from the botched drug buy.

> [A]t one point as we was coming up the road, she says, well, I know where he lives at, we'll go over there. I said, okay. Let's go home and I'll get my gun. She knew about the gun on the way coming back up the road, going back to my house. I'll go get my gun and we'll go over there. She said okay.

[N.T., 2/7/2013, at 840.] [Appellant] further testified that he retrieved the shotgun once he and the victim arrived at home in accord with the stated plan. "I get in the closet, get the gun out, get the shells off the top shelf of the closet bring them out." [**Id.** at 842.]

      Trial counsel's decision to forego character witness testimony is reasonable in light of [Appellant's] own testimony. Indeed, such conflicting testimony could have caused [Appellant] to lose credibility with the jury. As aptly stated by the [Court in **Commonwealth v. Weiss**, 606 A.2d 439 (Pa. 1992)], "credibility of the witnesses is of paramount importance." [**Id.** at 442]. This includes the credibility of [Appellant] himself. This [c]ourt finds that trial counsel had a reasonable basis for not calling character witnesses.

PCRA Court Opinion, 9/18/2015, at 9-11.

      The record supports the PCRA court's conclusion that trial counsel had a reasonable basis for not presenting character witnesses in that he believed that, in light of Appellant's own testimony, presenting such evidence would reflect poorly on Appellant in the eyes of the jury. As trial counsel testified

to a reasonable basis for not calling character witnesses,[1] he cannot be found to be ineffective. *Hawkins*, 894 A.2d at 730; *Commonwealth v. Reed*, 42 A.3d 314, 324 (Pa. Super. 2012) ("If a reasonable basis exists for the particular course, the inquiry ends and counsel's performance is deemed constitutionally effective."). Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2016

---

[1] Appellant claims that "[t]he fact that a defendant may be acting in a violent way during an alleged crime is not a basis for failing to call character witnesses for non-violence," relying on *Commonwealth v. Harris*, 785 A.2d 998 (Pa. Super. 2001). Appellant's Brief at 21-23. Appellant's argument is unpersuasive. Indeed, trial counsel in *Harris* stated that he "didn't have a strategic reason for failing to introduce … character testimony." *Id.* at 1001. This Court explained that, "[a]s counsel has stated that he had no strategic reason for not calling these witnesses, we need not further weigh the matter. Thus, we conclude that counsel had no strategic reason for failing to call these witnesses." *Id.* at 1001-02. Moreover, trial counsel herein did not base his decision merely on Appellant's acting violent during the incident at issue. Rather, he based it upon his legitimate concern that the conflict between Appellant's trial testimony, which itself revealed the violent nature of his actions, and the testimony of character witnesses relating to Appellant's non-violence would "come out poorly to the jury." *See* N.T., 6/19/2015, at 30-31.