COMMONWEALTH of Pennsylvania, Appellant

v.

John MINICH, Appellee.

Superior Court of Pennsylvania.

Argued April 22, 2009.

Filed April 21, 2010.

Reargument Denied June 29, 2010.

Jeffrey D. Burkett, Assistant District Attorney, Brookville, for Commonwealth, appellant.

BEFORE: BOWES, DONOHUE and POPOVICH, JJ.

OPINION BY DONOHUE, J.:

¶ 1 In this appeal, the Commonwealth challenges the trial court's denial of a motion *in limine* seeking to preclude defense counsel from impeaching the credibility of the alleged victim of the crimes at issue through cross-examination and extrinsic evidence tending to show that the alleged victim lied about matters unrelated to the case. This case raises an issue of first impression in Pennsylvania, namely the interplay between Pennsylvania Rule of Evidence (Pa.R.E.) 608, which deals specifically with character evidence relating to the truthfulness of a witness, and Pa.R.E. 404(a)(2)(i), which addresses the admissibility of evidence of a "pertinent trait of character" of a victim who testifies at trial. Because we conclude that Pa.R.E. 608 codifies Pennsylvania law defining the limits of permissible evidence to impeach or bol-

ster any witness's credibility and precludes the use of specific instances of conduct, we reverse the trial court's denial of the Commonwealth's motion *in limine* and remand the case for trial consistent with this decision.

¶ 2 Appellee John Minich ("Minich") has been charged in two separate criminal complaints with multiple crimes related to the alleged sexual abuse of two minor boys, L.M. and his half-brother, S.B.[1] With respect to L.M., on May 14, 2007 Minich was charged with rape of a person less than 18 years of age, 18 Pa.C.S.A. § 3121(a)(6), involuntary deviate sexual intercourse ("IDSI") of a person less than 13 years of age, 18 Pa.C.S.A. § 3123(a)(6), indecent assault of a person less than 13 years of age, 18 Pa.C.S.A. § 3126(a)(7), and corruption of minors, 18 Pa.C.S.A. § 6301(a). With regard to S.B., on February 5, 2008 Minich was charged with criminal solicitation to commit IDSI of a person less than 13 years of age, 18 Pa.C.S.A. § 902, criminal attempt to commit IDSI of a person less than 13 years of age, 18 Pa.C.S.A. § 901, and corruption of minors, 18 Pa.C.S.A. § 6301(a).

¶ 3 The Commonwealth filed a pre-trial motion requesting that the two cases be consolidated for trial. As part of this motion, the Commonwealth filed a motion *in limine* seeking the admission of certain statements made by L.M. and S.B. to others regarding Minich's alleged abuse, pursuant to the Tender Years Hearsay law, 42 Pa.C.S.A. § 5985.1(a). By order dated April 7, 2008, the trial court granted the Commonwealth's request to consolidate the two cases for trial and set the trial date for April 14, 2008. Also on April 7, 2008, the trial court granted a defense motion for production of all records relating to L.M. and S.B. from their schools as

---

1. At the time of the alleged crimes, L.M. was seven years old and S.B. was eleven years old.

well as from Jefferson County Children and Youth Services ("CYS").

¶ 4 On April 11, 2008, the trial court conducted an evidentiary hearing on the Commonwealth's motion *in limine* on the Tender Years Hearsay issues. At this hearing, during cross-examination of a witness called by the Commonwealth (an elementary school guidance counselor), counsel for Minich asked if she was aware of any school reports concerning L.M. "relative to cheating, lying and other inappropriate behaviors...." Notes of Testimony ("N.T."), 4/11/08, at 63. The trial court overruled the Commonwealth's objection to the introduction of character evidence. *Id.* at 64. The guidance counselor could not recall any such reports, and counsel for Minich then showed her examples of reports in which L.M. was, *inter alia,* allegedly "caught in several lies." *Id.* at 68. The witness responded that these reports were prepared by others and that discipline was generally not her responsibility. *Id.* at 65. L.M. did not testify at the hearing.

¶ 5 On the morning of April 14, 2008, just prior to the commencement of trial, the Commonwealth filed a second motion *in limine,* this time seeking to preclude, *inter alia,* the use of any evidence of any specific instances of dishonest conduct by L.M. unrelated to the abuse allegations. Paragraphs 3 and 4 of the Commonwealth's second motion *in limine* read as follows:

3. At [the April 11, 2008 hearing], it became apparent that part of [Minich's] strategy is to impugn the character of victim, L.M. by seeking the admission into evidence of specific instances of conduct.

4. The Commonwealth submits that [Minich's] proposed use of said specific instances of conduct are not

properly admissible under Pa.R.E. 404, 405 and Pa.R.E. 608.

Commonwealth's Second Motion *In Limine,* 4/14/08, at 1.

¶ 6 The trial court's order dated April 14, 2008 denying the motion provided in relevant part as follows:

[The motion] is denied with regard to Paragraphs 3 and 4 regarding discipline records from the [school] provided [Minich] first attempts to ask the victim regarding those specific incidents and if the victim denies then the records can be used for impeachment in the defense case.

Trial Court Order, 4/14/08.

¶ 7 This interlocutory appeal followed, in which the Commonwealth raises the following issue for our consideration:

Whether it is proper to impeach a child victim/witness with character evidence by cross-examining on and admitting extrinsic evidence of specific instances of conduct where the child victim/witness allegedly lied about matters unrelated to the instant case.

Appellant's Brief at 3.

¶ 8 Before addressing this issue, we must first determine whether this Court has jurisdiction to decide it. In its Statement of Jurisdiction on page one of its appellate brief, the Commonwealth asserts that this Court has jurisdiction over this interlocutory appeal pursuant to Pa.R.A.P. 311(d) and Pa.R.A.P. 313(a). Rule 311(d) provides that in a criminal case "the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution." Pa.R.A.P. 311(d). Although the Commonwealth included such a certification in its notice of appeal in this case, binding Supreme Court of Pennsylvania

authority holds that application of Rule 311(d) is limited to circumstances in which "a pretrial ruling results in the suppression, preclusion or exclusion of *Commonwealth* evidence." *Commonwealth v. Shearer,* 584 Pa. 134, 141, 882 A.2d 462, 467 (2005) (quoting *Commonwealth v. Cosnek,* 575 Pa. 411, 420–21, 836 A.2d 871, 877 (2003) (emphasis added)). As both the *Cosnek* and *Shearer* opinions make clear, Rule 311(d) does not confer jurisdiction to consider an interlocutory appeal from an order filed by the Commonwealth to preclude the introduction of *defense* evidence. *Id.* at 141, 882 A.2d at 467; *Cosnek,* 575 Pa. at 420–21, 836 A.2d at 877. Because the order at issue here denies a motion *in limine* filed by the Commonwealth to preclude the introduction of defense evidence, section 311(d) does not confer us with jurisdiction over the Commonwealth's appeal.

¶ 9 Pursuant to Pa.R.A.P. 313(a), an appeal may be taken as of right from a collateral order. Pa.R.A.P. 313(b) defines a collateral order as one that (1) is separable from and collateral to the main cause of action; (2) involves a right that is too important to be denied review; and (3) presents a question, which is such that if review is postponed until final judgment in the case, the claim will be irreparably lost. Pa.R.A.P. 313(b); *Commonwealth v. Johnson,* 550 Pa. 298, 302, 705 A.2d 830, 832 (1998). With respect to the first listed requirement, an order is "separable" from the main cause of action if it is capable of review without consideration of the main issue in the case. *See, e.g., Ben v. Schwartz,* 556 Pa. 475, 481–83, 729 A.2d 547, 551 (1999). This requirement is met in this case, since we may decide the evidentiary issue raised by the Commonwealth in this appeal without considering the main issue in the case, namely Minich's potential guilt or innocence of the crimes with which he has been charged.

¶ 10 The second listed requirement, that the appeal involves a right that is too important to be denied review, is also satisfied in this case. In *In re M.B.,* 869 A.2d 542 (Pa.Super.2005), this Court recognized that our Commonwealth has a compelling interest in protecting the privacy rights of minor children. *Id.* at 546 (affirming the entry of a confidentiality order prohibiting the dissemination of documents containing confidential information about a child prepared by the Erie County Office of Children and Youth). In our view, L.M.'s privacy rights would be violated if the contents of his school and CYS records were introduced at a public trial in violation of our Rules of Evidence. As we recognized in *M.B.,* a child's privacy interests are not merely a "mantra" but rather are matters of "paramount concern." *Id.* Thus the evidentiary issues presented in this case are too important to be denied review at this time. *Cf. Commonwealth v. Alston,* 864 A.2d 539, 545 (Pa.Super.2004) (where the case involves the rights of a child victim, it impacts cases beyond the one at issue and is thus under the collateral order doctrine too important to be denied immediate review).

¶ 11 Similarly, in *Shearer,* our Supreme Court determined that the Commonwealth's objection to a trial court's order requiring a minor witness to undergo a pre-trial psychological examination was too important to be denied review because the order, *inter alia,* undermined this Commonwealth's "deeply rooted public policy of protecting minor victims of crime." *Shearer,* 584 Pa. at 146, 882 A.2d at 470 (citing *Commonwealth v. Lohman,* 527 Pa. 492, 494–96, 594 A.2d 291, 292 (1991)). Just as *Shearer* involved the question of whether minor witnesses "should be required to submit to potentially unneces-

sary examinations," *id.*, in the case *sub judice* the minor witness L.M. should not be required to withstand cross-examination at trial by Minich's counsel on prior unrelated instances of alleged dishonesty if our Rules of Evidence do not permit such cross-examination as a matter of law.

¶ 12 Finally, the third requirement for a collateral order is that the appeal presents an issue that will be "irreparably lost" if review were postponed until after final judgment in this case. In this case, if we denied review at this time and Minich were permitted to cross-examine L.M. regarding prior unrelated instances of alleged dishonesty and to introduce extrinsic evidence to prove the same, in the event of an acquittal the Commonwealth's ability to appeal the evidentiary issue raised here would be irreparably lost. The constitutional prohibition against double jeopardy protects against a second prosecution for the same offenses after an acquittal. *See, e.g., Commonwealth v. States*, 595 Pa. 453, 463, 938 A.2d 1016, 1022 (2007) (citing *Commonwealth v. McCane*, 517 Pa. 489, 499, 539 A.2d 340, 346 (1988)). Having found all three requirements under Rule 313(b) for a collateral order satisfied, we therefore conclude that this Court has jurisdiction over the Commonwealth's appeal.

¶ 13 Turning to the merits of the issue raised, we must apply Pennsylvania law relating to the introduction of character evidence, including in particular the law codified in Pa.R.E. 404(a)(2)(i) and 608(b)(1). When ruling on a trial court's decision to grant or deny a motion *in limine*, we apply an evidentiary abuse of discretion standard of review. *Commonwealth v. Bozyk*, 987 A.2d 753, 755–756 (Pa.Super.2009) (quoting *Commonwealth v. Owens*, 929 A.2d 1187, 1190 (Pa.Super.2007)). The admission of evidence is committed to the sound discretion of the trial court, and a trial court's ruling regarding the admission of evidence will not be disturbed on appeal "unless that ruling reflects 'manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous.'" *Id.* (quoting *Commonwealth v. Einhorn*, 911 A.2d 960, 972 (Pa.Super.2006)).

¶ 14 Pa.R.E. 608 is tailored to a specific purpose: the admission of evidence for purposes of impeaching or bolstering a witness's credibility. It provides:

**Pa.R.E. 608. Evidence of character and conduct of witness**

**(a) Reputation evidence of character.** The credibility of a witness may be attacked or supported by evidence in the form of reputation as to character, but subject to the following limitations:

(1) the evidence may refer only to character for truthfulness or untruthfulness; and

(2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by reputation evidence or otherwise.

**(b) Specific instances of conduct.** Except as provided in Pa.R.E. 609 (relating to evidence of conviction of crime),

(1) the character of a witness for truthfulness may not be attacked or supported by cross-examination or extrinsic evidence concerning specific instances of the witness' conduct; however,

(2) in the discretion of the court, the credibility of a witness who testifies as to the reputation of another witness for truthfulness or untruthfulness may be attacked by cross-examination concerning specific instances of conduct (not including arrests) of the other witness, if they are probative of truthfulness or

untruthfulness; but extrinsic evidence thereof is not admissible.

Pa.R.E. 608.

¶ 15 Pa.R.E. 608 codifies the long established rule limiting the type of evidence admissible to challenge a witness's credibility, to evidence of the witness's general reputation for truthfulness or untruthfulness. *See Commonwealth v. Payne*, 205 Pa. 101, 104, 54 A. 489, 491 (1903); *Commonwealth v. Fisher*, 764 A.2d 82, 87 (Pa.Super.2000). Further, sub-section (b)(1) of this rule specifically prohibits a witness from supporting or attacking another witness's credibility with instances of specific conduct. Pa.R.E. 608(b)(1).[2]

¶ 16 In contrast to the narrow focus of Pa.R.E. 608 on truthfulness or untruthfulness, Pa.R.E. 404(a) covers wider ground. It provides,

**Pa.R.E. 404. Character evidence not admissible to prove conduct; exceptions; other crimes**

**(a) Character evidence generally.** Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:

(1) *Character of accused.* In a criminal case, evidence of a **pertinent** trait of character of the accused is admissible when offered by the accused, or by the prosecution to rebut the same. If evidence of a trait of character of the alleged victim of the crime is offered by an accused and is admitted under sub-section (2), evidence of the same trait of character of the accused is admissible if offered by the prosecution.

(2) *Character of alleged victim.*

(i) In a criminal case, subject to limitations imposed by statute, evidence of a **pertinent** trait of character of the alleged victim is admissible when offered by the accused, or by the prosecution to rebut the same.

(ii) In a homicide case, where the accused has offered evidence that the deceased was the first aggressor, evidence of a character trait of the deceased for peacefulness is admissible when offered by the prosecution to rebut the same.

(iii) In a civil action for assault and battery, evidence of a character trait of violence of the plaintiff may be admitted when offered by the defendant to rebut evidence that the defendant was the first aggressor.

(3) *Character of witness.* Evidence of a **pertinent** trait of character of a witness is admissible as provided in Rules 607 (Impeachment of Witness), 608 (Character and Conduct of Witness) and 609 (Evidence of Conviction of Crime).

¶ 17 Pa.R.E. 404(a) (emphasis added). Thus, while Pa.R.E. 608 addresses only one character trait (truthfulness or untruthfulness), and prohibits the use of instances of specific conduct to establish the trait, Pa.R.E. 404(a) applies to evidence regarding any "pertinent" character trait and, through the operation of case law codified in Pa.R.E. 405,[3] allows evidence of

---

**2.** Although not at issue in this case, the trial court may permit the cross-examination of a character witness with specific instances of conduct showing the truthfulness or untruthfulness of the person about whose character he or she testified. Pa.R.E. 608(b)(2).

**3.** Pa.R.E. 405 provides:

**Rule 405. Methods of proving character**

**(a) Reputation evidence.** In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation. On cross-examination of the reputation witness, inquiry is allowable into specific instances of conduct probative of the character trait in question, except that in criminal cases inquiry into allegations of other crim-

specific conduct to prove the "pertinent" trait.

¶ 18 In denying the Commonwealth's motion *in limine*, the trial court broadly interpreted the phrase "pertinent trait of character" in Pa.R.E. 404(a)(2)(i) to include any trait of character of the testifying victim of interest or concern *at the trial.* Trial Court Opinion, 5/16/08, at 3. Because Minich's guilt or innocence depends largely on the credibility of L.M.'s testimony, the trial court reasoned that L.M.'s trait of character for truthfulness will be a "pertinent trait of character" at trial under Pa. R.E. 404(a)(2)(i), and as a result specific instances of his trait of character for truthfulness are admissible under Pa.R.E. 405(b)(2). *Id.* According to the trial court, while the credibility of all witnesses is subject to limited challenge under Pa.R.E. 607–609, the accused is permitted a broader right to challenge the credibility of victims under Pa.R.E. 404(a)(2)(i), including through the introduction of specific instances of relevant conduct under Pa.R.E. 405(b)(2). *Id.*

¶ 19 The Commonwealth urges that Pa. R.E. 608 exclusively controls the admissibility of all character evidence relating to testimonial truthfulness or untruthfulness. Appellant's Brief at 9–10. Specifically, it contends that Pa.R.E. 608(b)(1) is dispositive of the issue in this case, as it provides that the character of a witness for truthfulness may not be attacked or supported by cross-examination or extrinsic evidence concerning specific incidences of a witness's conduct. *Id.* at 9.

¶ 20 The Commonwealth contends that the phrase "pertinent trait of character" in Pa.R.E. 404(a)(2)(i) must be construed more narrowly to only allow evidence of a trait of character that is pertinent to the victim's behavior during the actual incident in question and "help the jury determine 'who did what' during the criminal incident in question." *Id.* at 12. According to the Commonwealth, the truthfulness (or lack thereof) of a testifying victim is not a "pertinent trait of character" under subsection 404(a)(2)(i) when it does not relate directly to "the victim's behavior during the actual incident in question." *Id.* Instead, the Commonwealth argues that Pa. R.E. 404(a)(3)—which in turn references Pa.R.E. 607–609—deals with the impeachment of all witnesses. *Id.* at 13.

¶ 21 Our appellate courts have not addressed what constitutes a "pertinent" character trait for purposes of Pa.R.E. 404(a)(2)(i), and so we are presented with a case of first impression. In interpreting the term "pertinent", we are guided by well-established principles defining allowable character evidence about the accused, which are now codified in Pa.R.E. 404(a)(1) and 608, respectively. "Character evidence of the defendant's truthfulness is admissible only if: (1) the character trait of truthfulness is implicated by the elements of the charged offenses; or (2) the defendant's character for truthfulness was attacked by evidence of bad reputation." *Commonwealth v. Constant*, 925 A.2d 810, 822–23 (Pa.Super.2007).

¶ 22 Our Supreme Court noted the relationship between these longstanding evi-

---

inal misconduct of the accused not resulting in conviction is not permissible.
**(b) Specific instances of conduct.** Specific instances of conduct are not admissible to prove character or a trait of character, except as follows:
(1) In civil cases where character or a trait of character is admissible as an element of a claim or defense, character may be proved by specific instances of conduct.
(2) In criminal cases where character or a trait of character is admissible under Pa. R.E. 404(a)(2), the accused may prove the complainant's character or trait of character by specific instances of conduct.
Pa.R.E. 405.

dentiary principles and their codification in Pa.R.E. 404(a)(1) and 608 in *Commonwealth v. Fulton*, 574 Pa. 282, 830 A.2d 567 (2003) (plurality):

> It has long been the law in Pennsylvania that a defendant in a criminal case may introduce evidence of his reputation for truthfulness in but two circumstances. First, the accused may introduce evidence of his truthful character if the trait of truthfulness is relevant to the crime with which he has been charged. Second, the accused may introduce evidence of his truthful character if his reputation for truthfulness has first been attacked by the prosecution.[FN5]

> FN5. These limits on the admissibility of evidence of character for truthfulness are now embodied in the Pennsylvania Rules of Evidence. See Pa.R.E. 404(a)(1) ("In a criminal case, evidence of a *pertinent* trait of character of the accused is admissible when offered by the accused, or by the prosecution to rebut the same"); Pa.R.E. 608(a) ("The credibility of a witness may be attacked or supported by evidence in the form of reputation as to character, but subject to the following limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness; and (2) *evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by reputation evidence or otherwise* ").

*Fulton*, 574 Pa. at 291–93, 830 A.2d at 572–73 (Opinion Announcing the Judgment of the Court[4]) (emphasis in original) (citations omitted).

¶ 23 Therefore, with regard to Pa.R.E. 404(a)(1), our Supreme Court has interpreted the term "pertinent" to refer to a character trait that is relevant to the crime charged against the accused. Indeed, cases from nearly 100 years ago reached the same conclusion. *See Commonwealth v. Colandro*, 231 Pa. 343, 80 A. 571, 575 (1911) ("Evidence of a good moral character offered by the defendant in a criminal prosecution must be limited to the particular trait of character involved in the commission of the crime charged."); *Commonwealth v. Thomas*, 282 Pa. 20, 127 A. 427, 428 (1925) (same).

¶ 24 Our case law addressing the credibility of a testifying victim is consistent. In the few cases in which our Supreme Court has addressed the use of specific instances of a victim's prior conduct, it has applied the parameters for admissibility discussed in *Fulton*. As far back as 1884, our Supreme Court recognized that the use of specific instances of a victim's prior conduct are admissible to show a victim's character trait only if the trait in question is probative of an element of a crime or a defense. In *Alexander v. Commonwealth*, 105 Pa. 1 (1884), a defendant on trial for murder offered a defense of self-defense,

4. Framed in the context of an ineffective assistance of counsel claim, the issue in *Fulton* was whether evidence of Fulton's reputation for truthfulness was admissible where the Commonwealth did not elicit evidence to the effect that Fulton was known to others in the community to be an untruthful person. Justice (now Chief Justice) Castille, in announcing the judgment of the Court, concluded that in the absence of any effort by the prosecution to impeach a defendant's general reputation in the community for truthfulness, evidence of the defendant's alleged good reputation for veracity was inadmissible at trial. *Fulton*, 574 Pa. at 294, 830 A.2d at 574. In his dissenting opinion, Justice Saylor concluded

that a trial court should have the discretion to permit rehabilitative character evidence in limited circumstances where the witness's character has been impugned by questions that are directed to an issue in the case but have the actual effect of attacking the witness's veracity. *Id.* at 300–01, 830 A.2d at 577–78. (Saylor, J., dissenting).

All of the Justices participating in *Fulton* were in agreement that a defendant may introduce evidence of his character for truthfulness where the trait of truthfulness is relevant to the crime with which he has been charged, the circumstances interpreted by Chief Justice Castille as a "pertinent trait of character" under Pa.R.E. 404(a)(1) as recited herein.

contending that his victim (the deceased) had been a person of "brutal and violent character." *Id.* at 7. Our Supreme Court agreed, indicating that the defendant should have been permitted to introduce specific instances of the deceased's "blood-thirsty character." *Id.* at 8. In two more recent cases, our Supreme Court has likewise ruled that criminal defendants asserting self-defense may introduce evidence of a victim's prior conduct tending to establish the victim's violent propensities. *Commonwealth v. Dillon,* 528 Pa. 417, 421, 598 A.2d 963, 965 (1991); *Commonwealth v. Amos,* 445 Pa. 297, 303–05, 284 A.2d 748, 751–52 (1971).

¶ 25 While these Supreme Court decisions do not deal directly with the victim's trait for truthfulness, they do stand for the more general point that evidence relating to specific instances of a victim's prior conduct must be probative of the victim's conduct during the alleged criminal episode upon which the current charges are based.

 ¶ 26 In light of the recognized interpretation of the term "pertinent" under Pa.R.E. 404(a)(1) relating to the accused and consistent precedent dealing with victims who testify, we conclude that a "pertinent" character trait for purposes of Pa.R.E. 404(a)(2)(i) is limited to a character trait of the victim that is relevant to the crime or defense at issue in the case. Therefore, whenever the accused seeks to offer character evidence for purposes of attacking or supporting the credibility of a victim who testifies, the admissibility of such evidence is governed by Pa.R.E. 608 and proof of specific incidents of conduct by either cross-examination or extrinsic evidence is prohibited. To hold otherwise would allow the phrase "pertinent trait of character" in Pa.R.E. 404(a)(2) to modify established case law defining the parameters of permissible evidence to impeach *or* bolster the credibility of witnesses.

 ¶ 27 The codification of the Pennsylvania Rules of Evidence was never intended by our Supreme Court to change existing law. As noted by one of the members of the Pennsylvania Evidence Committee when it was established in 1994:

"... the Justices of the Pennsylvania Supreme Court gave a simple and straight forward instruction: find, fix and codify the existing Pennsylvania law of evidence. The Committee was permitted to suggest changes to improve the body of law which the Court, upon due reflection, could accept or reject."

Charles B. Gibbons, *Pennsylvania Rules of Evidence With Trial Objections,* Introduction at v (West Group, 2d ed. 1998). There were very few actual changes to existing law accepted by the Supreme Court, and none relevant to evidence allowable for establishing a character trait for truthfulness or untruthfulness codified in Pa.R.E. 608, or character in general under Pa.R.E. 404(a). *Id.*

 ¶ 28 In the present case, the Commonwealth sought to preclude Minich from introducing evidence of specific instances in which the victim of a sexual assault was caught lying in school about matters wholly unrelated to the allegations against Minich. Based upon its broad interpretation of the phrase "pertinent trait of character", the trial court concluded that such evidence was admissible under Pa.R.E. 404(a)(2)(i). In light of our holding, this determination was in error. Minich intends to use this evidence to challenge the victim's credibility. N.T., 4/15/08, at 9–10. As such, its admissibility is governed by Pa.R.E. 608. Capturing Pennsylvania law, Pa.R.E. 608 provides that "the character of a witness for truthfulness may not be attacked ... by cross-examination or extrinsic evidence concerning specific instances

of the witness' conduct." Pa.R.E. 608(b)(1). As this is the precise purpose for which Minich intends to use this evidence, it is not admissible. We therefore reverse the order of the trial court and remand so that this case may proceed.

¶ 29 Order reversed. Case remanded. Jurisdiction relinquished.