J-S11029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DARRYL C. NOYE | |
| Appellant | No. 1014 MDA 2014 |

Appeal from the Judgment of Sentence May 16, 2014
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000599-2013

BEFORE:  PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED JUNE 16, 2015**

Darryl C. Noye appeals from the judgment of sentence imposed on May 16, 2014, in the Court of Common Pleas of Centre County.  On January 28, 2014, a jury convicted Noye of recklessly endangering another person ("REAP"), simple assault, and false imprisonment.[1]  The court sentenced Noye to an aggregate term of 60 days to 23½ months in a county correctional facility, plus two years' probation.  On appeal, Noye contends the trial court erred in granting the Commonwealth's motion *in limine*, with respect to evidence concerning the victim's psychiatric illness, alcoholism, and illegal drug use.  After a thorough review of the submissions by the

_____

[1]  18 Pa.C.S. §§ 2705, 2701(a)(1), and 2903(a), respectively.

parties, the certified record, and relevant law, we affirm the judgment of sentence.

The facts underlying Noye's arrest and convictions are sufficiently recited in the affidavit of probable cause as follows:

On or about Wednesday[, March 20, 2013], at approximately 1700 hours, the defendant, Darryl Noye was at 1416 Houserville Road with the victim[, his wife]. [Noye] began to yell at the victim and the victim attempted to flee the residence. [Noye] physically blocked the victim from leaving the residence and grabbed the victim and threw her away from the doorway. [Noye] took the victim's shoes so she could not leave and took her cell phone and disconnected the other phone so the victim could not call for help. [Noye] dragged the victim down a hallway to the bedroom. [Noye] threw the victim on the bed and then began cover[ing] her mouth and nose so she could not breathe. [Noye] held the victim's mouth and nose for approximately one minute. The victim began to feel like she was going to pass out and did urinate while being suffocated. The victim also reported being assaulted on [March 18, 2013,] in which [Noye] threw her to the ground causing facial injuries. The victim was still suffering symptoms of the assault on [March 26, 2013,] and was examined at the Mount Nittany Medical Center.

Application for Search Warrant and Authorization, 10/28/2013, Affidavit of Probable Cause, at unnumbered 2.

Noye was charged with one count each of aggravated assault, REAP, simple assault, and false imprisonment. Prior to trial, on January 8, 2014, the Commonwealth filed a motion *in limine*, requesting that the court not admit, *inter alia*, character evidence regarding the victim. **See** Motion *in Limine*, 1/8/2014, at unnumbered 3-4. Specifically, the Commonwealth sought preclusion of evidence that the victim suffers from psychiatric

illnesses, that she consumes significant amounts of alcohol, and that she uses illegal drugs.

A hearing on the motion was held on January 21, 2014. At the hearing, Noye's counsel sought admission of evidence that a month prior to the assault at issue, the victim had been treated at Mount Nittany Medical Center, and that her blood alcohol level (or "BAC") ranged from .30 to .40. N.T., 1/21/2014, at 6. Counsel argued this testimony "will reveal that a person who has that high of a blood alcohol level, plus the fact that she has vertigo, could be a reason for her injuries." *Id.* The following day, the court entered an order, granting the Commonwealth's motion *in limine*. **See** Order, 1/22/2014.[2]

Noye's two-day jury trial began on January 27, 2014. The following day, the jury convicted Noye of REAP, simple assault, and false imprisonment.[3] On May 16, 2014, the court sentenced Noye a term of 30 days to 12 months' imprisonment for REAP, a consecutive term of 30 days to

---

[2] At trial, the court permitted Noye to make a limited inquiry into the victim's treatment for vertigo, including expert witness testimony, as an alternative explanation for her injuries. N.T., 1/27/2014, at 96-99; 172-200.

[3] The jury found him not guilty of aggravated assault.

11½ months' incarceration for simple assault, and a consecutive term of two years' probation for false imprisonment. This appeal followed.[4]

In his sole issue, Noye complains the court erred in granting the Commonwealth's motion *in limine* to exclude all evidence of the victim's psychiatric illness, alcoholism, and illegal drug use. Noye's Brief at 19. Specifically, Noye asserts this evidence was relevant to the causation of the victim's injuries and would have provided the jury with an alternative theory as who or what caused her injuries. He states he had a constitutional right to present his defense that the victim caused her own injuries, which included evidence that the victim had a "documented contemporaneous history of treatment for alcohol poisoning revealing several levels between .30% and .40%." *Id.* at 18. Furthermore, Noye argues the court provided "no analysis of the relevance of the evidence sought to be introduced[.]" *Id.* at 20. He states Pennsylvania precedent has consistently permitted the introduction of evidence concerning a witness's intoxication as it is a proper matter for the jury's consideration in assessing credibility. *Id.* at 20-21, *citing* **Commonwealth v. Drew**, 459 A.2d 318 (Pa. 1983), *and* **Commonwealth v. Williams**, 91 A.3d 240 (Pa. Super. 2014). Moreover, Noye avers the court's exclusionary ruling was "so broad that it enabled the

---

[4] On June 17, 2014, the trial court ordered Noye to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Noye filed a concise statement on July 7, 2014. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on July 10, 2014.

Commonwealth to silence him when attempting to describe [the victim]'s intoxication during the alleged act itself in clear contravention of *Williams* and *Drew*." ***Id.*** at 22.

We begin with our well-settled standard of review:

> When ruling on a trial court's decision to grant or deny a motion *in limine*, we apply an evidentiary abuse of discretion standard of review. The admission of evidence is committed to the sound discretion of the trial court, and a trial court's ruling regarding the admission of evidence will not be disturbed on appeal "unless that ruling reflects 'manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous.'"

***Commonwealth v. Minich***, 4 A.3d 1063 (Pa. Super. 2010) (citations omitted). Moreover,

> [t]he basic requisite for the admissibility of any evidence in a case is that it be competent and relevant. Though 'relevance' has not been precisely or universally defined, the courts of this Commonwealth have repeatedly stated that evidence is admissible if, and only if, the evidence logically or reasonably tends to prove or disprove a material fact in issue, tends to make such a fact more or less probable, or affords the basis for or supports a reasonable inference or presumption regarding the existence of a material fact.

***Commonwealth v. Freidl***, 834 A.2d 638, 641 (Pa. Super. 2003) (citation omitted).

> Under the Sixth Amendment to the United States Constitution, an accused has the right to be confronted with the witnesses against him. The main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination. [T]he Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish. The United States Supreme Court has further recognized that trial judges have considerable discretion to place

reasonable limits on cross-examination based on a variety of concerns, including a witness's safety.

***Commonwealth v. Paddy***, 15 A.3d 431, 447-448 (Pa. 2011) (citations and quotation marks omitted).

Moreover, with respect to the admissibilty of evidence regarding a witness, we are guided by the following:

Pa.R.E. 608 is tailored to a specific purpose: the admission of evidence for purposes of impeaching or bolstering a witness's credibility. It provides:

**Pa.R.E. 608. Evidence of character and conduct of witness**

(a) **Reputation evidence of character**. The credibility of a witness may be attacked or supported by evidence in the form of reputation as to character, but subject to the following limitations:

(1) the evidence may refer only to character for truthfulness or untruthfulness; and

(2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by reputation evidence or otherwise.

(b) **Specific instances of conduct**. Except as provided in Pa.R.E. 609 (relating to evidence of conviction of crime),

1) the character of a witness for truthfulness may not be attacked or supported by cross-examination or extrinsic evidence concerning specific instances of the witness' conduct; however,

2) in the discretion of the court, the credibility of a witness who testifies as to the reputation of another witness for truthfulness or untruthfulness may be attacked by cross-examination concerning specific instances of conduct (not including arrests) of the other witness, if they are

probative of truthfulness or untruthfulness; but extrinsic evidence thereof is not admissible.

Pa.R.E. 608.

Pa.R.E. 608 codifies the long established rule limiting the type of evidence admissible to challenge a witness's credibility, to evidence of the witness's general reputation for truthfulness or untruthfulness. *See Commonwealth v. Payne*, 205 Pa. 101, 104, 54 A. 489, 491 (1903); *Commonwealth v. Fisher*, 2000 PA Super 379, 764 A.2d 82, 87 (Pa. Super. 2000). Further, sub-section (b)(1) of this rule specifically prohibits a witness from supporting or attacking another witness's credibility with instances of specific conduct. Pa.R.E. 608(b)(1).

In contrast to the narrow focus of Pa.R.E. 608 on truthfulness or untruthfulness, Pa.R.E. 404(a) covers wider ground. It provides,

> Pa.R.E. 404. **Character evidence not admissible to prove conduct; exceptions; other crimes**
>
> (a) **Character evidence generally**. Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:
>
> 1) *Character of accused*. In a criminal case, evidence of a **pertinent** trait of character of the accused is admissible when offered by the accused, or by the prosecution to rebut the same. If evidence of a trait of character of the alleged victim of the crime is offered by an accused and is admitted under subsection (2), evidence of the same trait of character of the accused is admissible if offered by the prosecution.
>
> (2) *Character of alleged victim*.
>
> (i) In a criminal case, subject to limitations imposed by statute, evidence of a pertinent trait of character of the alleged victim is admissible when offered by the accused, or by the prosecution to rebut the same.
>
> …

> (3) *Character of witness*. Evidence of a **pertinent** trait of character of a witness is admissible as provided in Rules 607 (Impeachment of Witness), 608 (Character and Conduct of Witness) and 609 (Evidence of Conviction of Crime).

> Pa.R.E. 404(a) (emphasis added). Thus, while Pa.R.E. 608 addresses only one character trait (truthfulness or untruthfulness), and prohibits the use of instances of specific conduct to establish the trait, Pa.R.E. 404(a) applies to evidence regarding any "*pertinent*" character trait and, through the operation of case law codified in Pa.R.E. 405, allows evidence of specific conduct to prove the "*pertinent*" trait.

*Minich*, 4 A.3d at 1068-1070 (footnotes omitted and emphasis in original).

Here, the trial court found the following:

> In its Motion and at the January 21, 2014 hearing on the Motion, the Commonwealth argued that vilification of the victim is an impermissible defense to criminal charges; evidence regarding the victim's character or conduct is only relevant as it related to the character for truthfulness or untruthfulness; specific instances of the victim's conduct other than *crimen falsi* are inadmissible; and the probative value of the evidence was outweighed by the dangers of unfair prejudice, confusion of the issues, and misleading the jury. The Court agreed that evidence regarding the victim's alleged psychiatric illness, alcoholism, and illegal drug use might create unfair prejudice and divert the jury's attention away from its duty of weighing the evidence impartially. *See* Pa.R.E. 403. The Court similarly found that the evidence had the potential to confuse the issues and mislead the jury. The Court concluded that the danger of unfair prejudice, confusion of the issues, and misleading the jury outweighed the probative value of the evidence, and therefore properly excluded the evidence under Rule 403.

Trial Court Opinion, 7/10/2014, at 1-2.

We agree with the trial court, although, in part, on another basis.[5] In accordance with Rule 608, we concur with the court that it is clear the evidence regarding the victim's alleged alcoholism could not be used to attack the credibility of the victim as it does not relate to her character for truthfulness or untruthfulness and that specific instances of her conduct, other than *crimen falsi*, are inadmissible. **See** Pa.R.E. 608.

Moreover, to the extent Noye argues that a month prior to the assaults, the victim had been treated at Mount Nittany Medical Center, and that her BAC ranged from .30 to .40, demonstrated an alternative theory as to the reason for the victim's injuries, we find this evidence is not relevant. We emphasize that the evidence Noye points to in his appeal relates to the victim's physical state approximately 30 days before the incident, for which he was charged, occurred. Noye provides neither evidence nor argument as to the victim's state on the day of the attack. Furthermore, without any other evidentiary support, the details concerning the victim's condition 30 days earlier is immaterial to her state on the day of the physical attack. Noye is essentially asking this Court to speculate as to the victim's actions on the day of the altercation, which we are not permitted to do. As such, and as the trial court indicated, this evidence was more prejudicial than

---

[5] It is well settled that an appellate court can affirm on any basis. **See In re Jacobs**, 15 A.3d 509, n.1 (Pa. Super. 2011) ("[This Court is] not bound by the rationale of the trial court, and may affirm on any basis.").

probative as it would only serve to portray the victim in a negative light and improperly discredit her testimony.[6]   Therefore, Noye has failed to prove that this evidence was relevant.  **See Minich**, 4 A.3d at 1068.[7]   Accordingly, we conclude the trial court did not abuse its discretion in precluding this evidence, and we affirm the judgment of sentence.

Judgment of sentence affirmed.

_____

[6]   **See Commonwealth v. Sasse**, 921 A.2d 1229 (Pa. Super. 2007) (concluding the trial court correctly excluded evidence of defendant's ex-wife's drug and alcohol abuse, sexual promiscuity, manic depression, and her father's criminal status because this evidence had no relationship to defendant's frightened state of mind regarding the victim, the ex-wife's boyfriend, on the night of the shooting), *appeal denied*, 938 A.2d 1052 (Pa. 2007).

[7]   Furthermore, we conclude **Drew** and **Williams** are distinguishable from the present matter.  In **Drew**, the evidence at issue concerned a defendant's and an eyewitness's levels of intoxication **at the time of** a shooting.  **Drew**, 459 A.2d at 321.  The Pennsylvania Supreme Court determined "the jury could appropriately consider the effect of the alcoholic consumption in resolving the conflicts in the testimony between" the defendant and witness.  *Id.* at 322.  In **Williams**, the evidence at issue concerned a victim's blood-alcohol content **at the time of** an altercation which resulting in a shooting.  This Court determined the trial court erred in excluding evidence of the victim's BAC because such evidence was admissible impeachment evidence since the witness was intoxicated during the event to which he testified to, and also was relevant to the defendant's self-defense theory.  **Williams**, 91 A.3d at 244.  Here, however, as indicated above, Noye did not seek to include evidence of the victim's intoxication at the time of the incident.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/16/2015