**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LESTER CARNELL STUBBS, | |
| Appellant | No. 3807 EDA 2016 |

Appeal from the Judgment of Sentence November 3, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003272-2015

BEFORE:  BOWES and SHOGAN, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.:                **FILED DECEMBER 22, 2017**

Appellant, Lester Carnell Stubbs, appeals from the judgment of sentence entered on November 3, 2016, following his conviction of false imprisonment of a minor by a parent, criminal trespass, endangering the welfare of a child, recklessly endangering another person and simple assault.[1]  We affirm.

The trial court summarized the relevant facts and procedural history of this case as follows:

> [Appellant] was arrested and charged with assault, endangering the welfare of a child, and related charges arising

---

[*]  Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2903(c), 3503(a)(1)(i), 4304(a)(1), 2705, and 2701(a)(1), respectively.

out of an altercation between [Appellant] and his then 15 year-old son [("the victim")] on August 4, 2015. [Appellant] entered the residence where his son was residing with his grandparents and forcibly removed him from the premises. [Appellant] transported his son back to his home on Diamond Street in Coatesville, PA where he proceeded to assault him. The victim eventually ran from [Appellant's] residence to the Coatesville VA Medical Center, where a staff member rendered assistance and contacted the police.

Following a two day jury trial, on April 20, 2016, [Appellant] was found guilty of simple assault, recklessly endangering another person, endangering the welfare of a child, criminal trespass and false imprisonment of a minor where the offender is the parent. On November 3, 2016, [Appellant] was sentenced to $11^1/_2$ to 23 months imprisonment on Count 10, false imprisonment of a minor where the offender is a parent and $11^1/_2$ to 23 months imprisonment on Count 7, endangering the welfare of a child, to be served concurrently with Count 10.[1] [Appellant] timely filed his Notice of Appeal on December 2, 2016.

> [1][Appellant] received 3 years' probation on Count 9, criminal trespass, to be served consecutively to Counts 10 and 7 and 2 years' probation for simple assault, Count 2, to be served concurrently with Count 9 and consecutively to Counts 10 and 7. Count 3, recklessly endangering another person, merges with Counts 10, 7 and 2.

Trial Court Opinion, 1/27/17, at 1-2. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Did the trial court err in granting [the] Commonwealth's pretrial motion to exclude school attendance, disciplinary and behavioral records and also exclude "indicated" or "unfounded" determinations made by Chester County Children, Youth and Families?

> 2. Did the trial court err in granting [the] Commonwealth's Motion in Limine to admit evidence of other crimes, wrongs or acts pursuant to Pennsylvania Rule of Evidence 404(b)?

Appellant's Brief at 4.

Our standard of review of evidentiary determinations is well established:

> The admission of evidence is a matter vested within the sound discretion of the trial court, and such a decision shall be reversed only upon a showing that the trial court abused its discretion. In determining whether evidence should be admitted, the trial court must weigh the relevant and probative value of the evidence against the prejudicial impact of the evidence. Evidence is relevant if it logically tends to establish a material fact in the case or tends to support a reasonable inference regarding a material fact. Although a court may find that evidence is relevant, the court may nevertheless conclude that such evidence is inadmissible on account of its prejudicial impact.

> An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record. An abuse of discretion may result where the trial court improperly weighed the probative value of evidence admitted against its potential for prejudicing the defendant.

*Commonwealth v. Antidormi*, 84 A.3d 736, 749-750 (Pa. Super. 2014) (internal citations and quotation marks omitted).

In his first issue, Appellant argues that the trial court erred in granting the Commonwealth's pretrial motion to exclude the victim's school attendance, disciplinary and behavioral records, and "indicated" or "unfounded" determinations made by Chester County Children, Youth and

Families. Appellant's Brief at 15. Appellant maintains that he sought to introduce this evidence "to try to explain to this jury why he did the things that he did in terms of disciplining this child." *Id.* at 18. Further, Appellant contends that:

> [he] sought to introduce evidence that [the victim] was not attending school as he should, he was hanging out with the wrong crowd, smoking marijuana, and having some discipline problems. Appellant was attempting to show that he was having many disagreements with [the victim] regarding his behavior, school, and his friends. The evidence was offered to show that [the victim] had turned against his father and had a motive to fabricate the story underpinning the charges.

*Id.* Appellant argues that this evidence should have been admitted pursuant to Pa.R.E. 404(b)(2),[2] which addresses the permitted uses of evidence pertaining to crimes, wrongs, or other acts. *Id.* at 19.

> The basic requisite for the admissibility of any evidence in a case is that it be competent and relevant. Though "relevance" has not been precisely or universally defined, the courts of this Commonwealth have repeatedly stated that evidence is admissible if, and only if, the evidence logically or reasonably tends to prove or disprove a material fact in issue, tends to make such a fact more or less probable, or affords the basis for or supports a reasonable inference or presumption regarding the existence of a material fact.

*Commonwealth v. Freidl*, 834 A.2d 638, 641 (Pa. Super. 2003).

_____

[2] Pa.R.E. 404 (b)(2) provides:

> This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is only admissible if the probative value of the evidence outweighs its potential for unfair prejudice.

Moreover, with respect to the admissibility of evidence regarding a witness, we are guided by the following:

Pa.R.E. 608 is tailored to a specific purpose: the admission of evidence for purposes of impeaching or bolstering a witness's credibility. It provides:

**Pa.R.E. 608. Evidence of character and conduct of witness**

**(a) Reputation evidence of character**.

The credibility of a witness may be attacked or supported by evidence in the form of reputation as to character, but subject to the following limitations:

(1) the evidence may refer only to character for truthfulness or untruthfulness; and

(2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by reputation evidence or otherwise.

**(b) Specific instances of conduct**. Except as provided in Pa.R.E. 609 (relating to evidence of conviction of crime),

1) the character of a witness for truthfulness may not be attacked or supported by cross-examination or extrinsic evidence concerning specific instances of the witness' conduct; however,

2) in the discretion of the court, the credibility of a witness who testifies as to the reputation of another witness for truthfulness or untruthfulness may be attacked by cross-examination

concerning specific instances of conduct (not including arrests) of the other witness, if they are probative of truthfulness or untruthfulness; but extrinsic evidence thereof is not admissible.

Pa.R.E. 608.

Pa.R.E. 608 codifies the long established rule limiting the type of evidence admissible to challenge a witness's credibility, to evidence of the witness's general reputation for truthfulness or untruthfulness. *See Commonwealth v. Payne*, 205 Pa. 101, 104, 54 A. 489, 491 (1903); *Commonwealth v. Fisher*, 2000 PA Super 379, 764 A.2d 82, 87 (Pa.Super.2000). Further, subsection (b)(1) of this rule specifically prohibits a witness from supporting or attacking another witness's credibility with instances of specific conduct. Pa.R.E. 608(b)(1).

In contrast to the narrow focus of Pa.R.E. 608 on truthfulness or untruthfulness, Pa.R.E. 404(a) covers wider ground. It provides,

> **Pa.R.E. 404. Character evidence not admissible to prove conduct; exceptions; other crimes**
>
> **(a) Character evidence generally**. Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:
>
> > (1) *Character of accused*. In a criminal case, evidence of a pertinent trait of character of the accused is admissible when offered by the accused, or by the prosecution to rebut the same. If evidence of a trait of character of the alleged victim of the crime is offered by an accused and is admitted under subsection (2), evidence of the same trait of character of the accused is admissible if offered by the prosecution.

- 6 -

(2) *Character of alleged victim*.

(i) In a criminal case, subject to limitations imposed by statute, evidence of a pertinent trait of character of the alleged victim is admissible when offered by the accused, or by the prosecution to rebut the same.

...

(3) *Character of witness*. Evidence of a pertinent trait of character of a witness is admissible as provided in Rules 607 (Impeachment of Witness), 608 (Character and Conduct of Witness) and 609 (Evidence of Conviction of Crime).

Pa.R.E. 404(a) (emphasis added). Thus, while Pa.R.E. 608 addresses only one character trait (truthfulness or untruthfulness), and prohibits the use of instances of specific conduct to establish the trait, Pa.R.E. 404(a) applies to evidence regarding any "pertinent" character trait and, through the operation of case law codified in Pa.R.E. 405, allows evidence of specific conduct to prove the "pertinent" trait.

***Commonwealth v. Minich***, 4 A.3d 1063, 1068–1070 (Pa. Super. 2010).

Thus, "whenever the accused seeks to offer character evidence for purposes of attacking or supporting the credibility of a victim who testifies, the admissibility of such evidence is governed by Pa.R.E. 608 and proof of specific incidents of conduct by either cross-examination or extrinsic evidence is prohibited." ***Id.*** at 1072.

Additionally, Pa.R.E. 404(b) provides:

**(b) Crimes, Wrongs or Other Acts.**

- 7 -

> (1) *Prohibited Uses*. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) *Permitted Uses*. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.
>
> (3) *Notice in a Criminal Case.* In a criminal case the prosecutor must provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence the prosecutor intends to introduce at trial.

Pa.R.E. 404(b). Our Court has explained, "To be admissible under this exception, there must be a specific 'logical connection' between the other act and the crime at issue which establishes that the crime currently being considered grew out of or was in any way caused by the prior set of facts and circumstances." **Commonwealth v. Cox**, 115 A.3d 333, 337 (Pa. Super. 2015).

Moreover, "[t]he court may exclude evidence if its probative value is outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403. "Unfair prejudice" is defined as "a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." Pa.R.E. 403 cmt.

The trial court provided the following explanation in addressing Appellant's first issue:

> At bar, [Appellant] was charged with assault, endangering the welfare of a child, false imprisonment of a minor where the offender is the victim's parent, and related charges. The victim's psychological, behavioral and discipline records documenting any misconduct or dishonesty in school are wholly unrelated to the crimes for which [Appellant] was being tried. Evidence of the victim's dishonesty and misconduct in school is not probative of the victim's conduct during the alleged criminal episode at issue. Therefore, this evidence was properly excluded under Pa.R.E. 608(b)(1).
>
> The Commonwealth further sought to exclude from evidence the findings of Chester County Youth and Families (CYF) regarding reports of abuse or neglect inflicted upon the victim by [Appellant]. [Appellant] sought to introduce three letters from CYF determining that incidents of abuse were "unfounded," including the alleged abuse which is the subject of the instant charges.
>
> The letters from CYF which [Appellant] sought to admit into evidence are opinions formed by CYF based upon their investigation and evaluation under Child Protective Services Law. Accordingly, these letters constitute inadmissible hearsay.

Trial Court Opinion, 1/27/17, at 4-5.

We agree. Pursuant to Pa.R.E. 608, Appellant is not permitted to introduce specific instances of conduct to impeach the victim's credibility. *Minich*, 4 A.3d at 1072. The evidence sought to be introduced by Appellant, regarding the victim's school performance, friends, and disciplinary issues does not go to the victim's general reputation for truthfulness. Accordingly, the trial court did not abuse its discretion in excluding this evidence.

Moreover, this evidence would not be admissible under Pa.R.E. 404(b). We cannot reasonably conclude that there exists a "logical connection" between the victim's actions of alleged previous misconduct and Appellant's crimes that would establish that Appellant's crimes grew out of or were in any way caused by the victim's actions. *Cox*, 115 A.3d at 337.

Additionally, Appellant's position that the victim fabricated this incident and was motivated to do so as a result of Appellant disciplining the victim is unsustainable. There were independent accounts presented at trial that supported the victim's version of events. Specifically, Detective Ryan Wright testified that on August 4, 2015, the victim appeared at the police station "in disarray. His clothing was torn. He had blood on his clothing. You could see in his eyes he had been crying. He had glassy eyes. He was upset." N.T., 4/20/16, at 89. Detective Wright further described the victim as having blood on his sneakers, one or two of his fingers had been cut or bleeding, bruising to the forehead area and a swollen cheek, and lacerations on his back shoulder. *Id.* at 89-94. Thus, Appellant's claim that the victim's accusations are fabricated is unsupported by the evidence.

Furthermore, even if the victim had a history of prior misconduct, such evidence would not justify Appellant's actions. The jury clearly determined that the evidence was sufficient to convict Appellant of the above-referenced charges. Moreover, admission of this evidence would be more prejudicial than probative of whether Appellant committed the crimes, in effect

confusing the issue and drawing the jury's attention away from the evidence as related to Appellant's actions, and therefore would have been inadmissible on that basis. Pa.R.E. 404(b)(2). Accordingly, we cannot conclude that the trial court abused its discretion in excluding this evidence.

With regard to admission of the CYF reports, we observe that during the hearing on the motion *in limine*, Appellant's counsel made the following argument regarding the relevance of the CYF reports:

> [Victim] ran away from the home in Philadelphia, which CYS had – they had taken him out of the father's home, placed him in the grandmother's home – great-grandmother's home in Philadelphia, and he ran away from that home likewise and came back to Coatesville. And he was missing for a period of time. Father found out where he was. He went to pick him up only after talking with CYS. And they indicated, yeah, you know, you have been cleared. You can go pick him up. And that's what our client did. And that's the reason why we should seek to submit the letter, now to show they did the investigation and it was unfounded or it's right or wrong, but just for the fact that he was not acting on his own accord. He had consulted with CYS.

N.T., 4/19/16, at 16-17. Accordingly, Appellant sought to introduce the CYF records and reports to establish his reason for going to pick up the victim on the day of the incident.

In addressing Appellant's argument, the trial court stated the following in explaining its ruling:

> And then on the determinations made by children, youth and families, all of those are excluded. The Office of Children, Youth and Families has an opinion on something, but it's not their opinion that should control here. It is the testimony at the trial and the evaluation of that testimony by the jury that must control. So a prior opinion of another agency is not appropriate for testimony here in this trial.

- 11 -

Further, the standard of proof for the office of CYF is significantly different from the standard of proof in a criminal trial. So for that further reason, I find it to be inappropriate to be introducing records made by children, youth and families.

N.T., 4/19/16, at 26.

We agree. Appellant could provide testimony during trial as to why he went to L.G. and S.G.'s house on the date of the incident, and in fact testified that he went there after CYF told him that the victim was at that location on that date. N.T., 4/20/16, at 157-158. The content of the CYF reports were not necessary to that position. Moreover, as the trial court noted, any CYF finding in its reports would result from a different standard than that appropriate in a criminal proceeding. 23 Pa.C.S. §§ 6301, *et. seq.*; **See F.R. v. Dep't of Public Welfare**, 4 A.3d 779, 787 (Pa. Cmwlth. 2010) (comparing section 509 of the criminal code and section 6303(b) of the Child Protective Services Law ("CPSL") and stating that "[w]hile there is little doubt that the Crimes Code and the CPSL are linked in some ways, it is clear, as acknowledged by our Supreme Court in [**P.R. v. Department of Public Welfare**, 801 A.2d 478 (Pa. 2002)], that the Crimes Code standard applies in criminal proceedings, while the CPSL standard applies to administrative proceedings.").[3]

---

[3] "Although the decisions of the Commonwealth Court are not binding upon this Court, they may serve as persuasive authority." **Commonwealth v. Rodriguez**, 81 A.3d 103, 107 n.7 (Pa. Super. 2013).

Additionally, these documents would not be admissible under Pa.R.E. 404(b)(2) because the reports and findings of CYF did not present a "logical connection" between those CYF investigations and the crimes for which Appellant was convicted which would establish that the crime currently being considered grew out of or was in any way caused by those investigations. *Cox*, 115 A.3d at 337. Further, if the CYF documents and reports were to be admitted at trial, such evidence would confuse the issues and draw the jury's attention away from considering the evidence as related to the charges against Appellant. Thus, the evidence would be more prejudicial than probative and would have been excluded on that basis. Pa.R.E. 403. Accordingly, the trial court did not abuse its discretion in precluding admission of this evidence. Appellant's first issue lacks merit.

In his statement of questions involved, Appellant presents the following second issue: "Did the trial court err in granting Commonwealth's Motion in Limine to admit evidence of other crimes, wrongs or acts pursuant to Pennsylvania Rule of Evidence 404(b)?" Appellant's Brief at 4. Despite presenting this second issue in his statement of the questions involved, Appellant has failed to present or develop an argument on this issue in the argument section of his brief. *See* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part-in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion

and citation of authorities as are deemed pertinent.")   Thus, we find this issue waived for failure to develop it.  **See** Pa.R.A.P. 2101 (if the defects in the appellant's brief are substantial, "the appeal or other matter may be quashed or dismissed."); **see also Commonwealth v. Jones**, 815 A.2d 598, 604 n.3 (Pa. 2002) (where appellant failed to address an issue raised in his statement of questions involved in the body of his brief, the claim was waived.); **Commonwealth v. Jackson**, 431 A.2d 944, 945 n.1 (Pa. 1981) (where issue presented in the "Statement of Questions Involved" section of defendant's brief was not addressed in "the 'Argument' portion of his brief," it was waived).

Had this issue not been waived, and to the extent Appellant makes limited reference to this issue in the discussion of his first issue, we would conclude it lacks merit.  Appellant, in the context of the argument on his first claim, asserts that:  "The court's pretrial rulings excluding all records and testimony regarding [the victim's] attendance and disciplinary problems which would have shown [the victims'] motive to fabricate coupled with the court's admitting prior allegations of Appellant's abusive behavior had a crippling effect on the defense."  Appellant's Brief at 19.

In this case, the Commonwealth sought to present evidence of Appellant's prior physical, emotional, and verbal abuse of the victim prior to August 4, 2015, to establish motive, intent, absence of mistake, common plan, scheme, or design and the *res gestae* of the crime pursuant to Pa.R.E.

404(b). N.T., 4/19/16, at 5-8. "Evidence of crimes other than the one in question is not admissible solely to show the defendant's bad character or propensity to commit crime." ***Commonwealth v. Collins***, 703 A.2d 418, 422 (Pa. 1997); Pa.R.E. 404(b)(1) (providing that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion, the person acted in accordance with the character."). Nevertheless:

> This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Pa.R.E. 404(b)(2). ***See also Melendez–Rodriguez***, 856 A.2d 1278, 1283 (Pa. Super. 2004) (reiterating "other crimes" evidence is admissible to show motive, intent, absence of mistake or accident, common scheme or plan, and identity). "Additionally, evidence of other crimes may be admitted where such evidence is part of the history of the case and forms part of the natural development of the facts." ***Commonwealth v. Lauro***, 819 A.2d 100, 107 (Pa. Super. 2003) (quoting ***Collins***, 703 A.2d at 423). Moreover, in ***Commonwealth v. Lark***, 543 A.2d 491 (Pa. 1988), our Supreme Court explained:

> Another "special circumstance" where evidence of other crimes may be relevant and admissible is where such evidence was part of the chain or sequence of events which became part of the history of the case and formed part of the natural development of the facts. This special circumstance, sometimes referred to as the "*res gestae*" exception to the general proscription against evidence of other crimes, is also known as the "complete story" rationale, *i.e.*, evidence of other criminal acts is admissible "to

complete the story of the crime on trial by proving its immediate context of happenings near in time and place."

*Id.* at 497 (citations omitted).

In addressing Appellant's claim, the trial court explained its holding as follows:

[Appellant] was charged with assault, endangering the welfare of a child, and related charges. Evidence of [Appellant's] prior physical, emotional and verbal abuse of the victim prior to August 4, 2015[,] is admissible to provide a common plan or scheme on the part of [Appellant] as well as intent, motive and absence of mistake. This evidence is part of the "natural sequence" or development of the events in question. The victim's prior instances of physical and mental abuse at the hands of [Appellant] "complete the story" and explain the pattern of abuse that eventually led to the assault on August 4, 2015. Finally, this evidence is admissible to explain why the victim did not report the abuse immediately.

Trial Court Opinion, 1/27/17, at 9 (internal citations omitted).

We agree. Thus, were we to reach the merits of Appellant's second issue, we would affirm on the basis of the trial court's explanation and reasoning.

Judgment of sentence affirmed.
Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2017

- 16 -