J-S17009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID P. DILIBERTO | : | |
| | : | |
| Appellant | : | No. 2477 EDA 2017 |

Appeal from the Judgment of Sentence June 19, 2017
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0005503-2016

BEFORE:  BENDER, P.J.E., LAZARUS, J., and KUNSELMAN, J.

CONCURRING MEMORANDUM BY LAZARUS, J.:

I concur in the result.  However, I write separately to note that the majority's assertion that "Appellant's *entire* argument that the court ignored his character evidence is premised on a mere misstatement by the trial court in its Rule 1925(a) opinion," Majority Memorandum at 5 (emphasis added), not only makes light of the court's error, but is also inaccurate.  Because Diliberto's Rule 1925(b) concise statement, which alleges "[t]he trial court failed to give any weight to the [c]haracter evidence presented by the Defendant, which by itself was sufficient to find Defendant not guilty," was necessarily written *prior* to the court's Rule 1925(a) opinion, his entire argument could not have been based on the court's subsequent and incorrect assertion that the defense did not produce character evidence at trial.

Moreover, I emphasize the fact that the trial court mischaracterizes the record when it states in its Rule 1925(a) opinion that "even a cursory review

of the underlying [r]ecord indicates that the defense produced no character evidence at [t]rial. Accordingly, there is none for the [c]ourt to consider." Pa.R.A.P. 1925(a) Opinion, 9/11/17, at 4. In fact, the notes of testimony from trial clearly indicate that the court stated the character evidence "will be accepted as a stipulation." N.T. Trial by Judge/Sentencing Trial, 6/19/17, at 74.

However, despite this judicial misstep, I agree that the trial court was free to disregard the character evidence; the evidence did not bolster Diliberto's credibility or touch upon his veracity. Moreover, I would also find that evidence of Diliberto's honesty is not relevant to the crime with which he was charged, simple assault. *See Commonwealth v. Minich*, 4 A.3d 1063 (Pa. Super. 2010); *see also Commonwealth v. Schwenk*, 777 A.2d 1149, 1156 (Pa. Super. 2001). Thus, any error was harmless.

Judge Kunselman joins this Concurring Memorandum.