J-A29035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| ALBERT DAVID SLAFMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NEISHA P. CULBRETH, | : | |
| | : | |
| Appellant | : | No. 3333 EDA 2017 |

Appeal from the Order July 26, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): December Term, 2015 No. 0111

BEFORE: OTT, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED FEBRUARY 12, 2019**

Appellant, Neisha P. Culbreth, appeals from the order entered on July 26, 2017, in which the Court of Common Pleas of Philadelphia County sought to enforce a prior order directing Appellant to perform under a contract she had entered with Appellee, Albert David Slafman. For the reasons that follow, we quash the present appeal.

On August 14, 2015, Appellant and Appellee executed a contract whereby Appellant agreed to sell real property "free and clear of all liens, encumbrances and easements" for $60,000.00. Settlement was to be reached on or before September 14, 2015, plus 30 days, if needed.

A title search, however, revealed a $27,000.00 mortgage on the property. Appellant therefore refused to sell because she would not receive her expected benefit.

_____
* Former Justice specially assigned to the Superior Court.

On December 9, 2015, Appellee filed an action raising claims of specific performance of the contract and, in the alternative, monetary damages for breach of contract. Subsequently, Appellee filed a motion for judgment on the pleadings, seeking specific performance on the contract. Appellant filed an Answer averring that she did not have to sell under the contract as written because she was unable to meet the term and condition that she produce clear title to the property by the required date, making the agreement "null and void."

On June 20, 2016, the court determined Appellant had raised no disputed issues of fact, as it interpreted the written agreement between the parties to require Appellant to deliver the real property in question unencumbered to Appellee in exchange for $60,000.00. Finding Appellant's refusal to sell constituted a breach of contract, the court granted Appellee's motion on the pleadings and entered an order mandating Appellant's specific performance under the agreement. Appellant's damages claim remained unresolved.

On July 28, 2016, Appellant appealed from the court's June 20, 2016 specific performance order. This Court, however, quashed Appellant's appeal because she filed it beyond 30 days from the order in violation of Pa.R.A.P. 903(a).

In August 2016, Appellant had yet to perform under the contract, prompting Appellee to file a contempt petition against Appellant. For reasons unexplained, the trial court denied the petition.

In January 2017, with Appellant remaining noncompliant with the court's order, Appellee filed a second contempt petition. The court conducted a contempt hearing on April 28, 2017, where Appellant informed the court she would not close on the sale, as the total lien was actually $41,500 and she disagreed with the court's requirement that $41,500 of the purchase money be placed in escrow to satisfy the lien against the property. The court reminded Appellant of its prior holding with respect to her obligations under the contract, ordered the parties to meet and complete the purchase/sale of the real property in question, and set a date on which it would conduct a follow-up hearing.

At the follow-up hearing of May 26, 2017, the court was again advised the parties had not closed on the sale. In response, the court directed the parties to complete the sale and set a new hearing date of June 18, 2017.

On June 19, 2017, the court learned Appellant still refused to close on the deal. Therefore, the court entered its order of July 26, 2017, in which it appointed a master to effect the sale and transfer the title in accordance with its previous order and to place $41,500 of the purchase money into escrow with the court, as satisfaction of its contempt judgment against Appellant.

On October 10, 2017, Appellant filed the present notice of appeal from the court's order of July 26, 2017. In her appeal, she not only assailed the contempt judgment entered against her but also raised challenges to the underlying merits of the court's 2016 order granting Appellee's specific performance claim.

Prior to conducting a merits review of Appellant's numerous issues, we consider whether we have jurisdiction to review her present appeal filed 77 days after the July 26, 2017 order from which it was taken. Appellee has not filed an appellate brief and has not, therefore, raised a question regarding our jurisdiction over the trial court's interlocutory order. We may, however, raise the issue of jurisdiction *sua sponte*. **Commonwealth v. Blystone**, 632 Pa. 260, 269, 119 A.3d 306, 311 (2015).

On this issue, Appellant contends the court's contempt order was an immediately appealable collateral order, separable from and collateral to the main cause of action pertaining to the court's underlying judgment in favor of Appellee's specific performance claim. "An appeal may be taken as of right from a collateral order of [a]...lower court." Pa.R.A.P. 313(a). "A collateral order is an order [1] separable from and collateral to the main cause of action where [2] the right involved is too important to be denied review and [3] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). "[A]n order is 'separable' from the main cause of action if it is capable of review without consideration of the main issue in the case." **Commonwealth v. Minich**, 4 A.3d 1063, 1067 (Pa. Super. 2010).

Even if we were to assume, *arguendo*, that Appellant is correct in this regard, we would find we lack jurisdiction to consider her challenge because she failed to appeal from such an appealable order within 30 days of the

order's entry. *See* Pa.R.A.P. 903(a) (requiring an appeal be filed within 30 days after entry of the order from which it is taken).

Similarly, if we were to understand the court's July 26, 2017, order instead as an interlocutory order because the court has not resolved Appellee's alternate claim seeking breach of contract damages, we would deem the present appeal prematurely filed pursuant to Pa.R.A.P. 341 (barring exceptions not present in the case *sub judice*, any order adjudicating fewer than all claims shall not constitute a final order) so as to divest us of jurisdiction.[1] For either of these reasons, therefore, we must conclude we are without jurisdiction to review Appellant's appeal on the merits.

_____

[1] In this regard, we note that only after Appellant filed the present appeal did Appellee withdraw his only outstanding claim for breach of contract damages. While this withdrawal did make the court's July 26, 2017 order a final and appealable order as of the October 27, 2017 date on which it occurred, it does not make Appellant's present appeal reviewable. First, as noted above, Appellant waited 77 days to file her appeal from the order in question, divesting us of jurisdiction under Rule 903(a) (appeal must be filed within 30 days of order).

Moreover, Pennsylvania Rule of Appellate Procedure 905(a)(5) does not apply to the present facts. Specifically, Rule 905(a)(5) provides for the "legal fiction" of treating a notice of appeal which is prematurely filed after announcement by the court of its determination but before the entry of an appealable order as not being prematurely filed but "as filed after such entry [of an appealable order] and on the day thereof." Pa.R.A.P. 905(a)(5). Rule 905(a)(5) was "necessary to overcome a persistent problem concerning the premature filing of notice of appeal . . . [occurring] after announcement by the trial court of its determination, but before the actual entry on the docket of an appealable order." 20 Pa.PRAC § 905:3 "Filing of Notice of Appeal with Clerk of Trial Court—Premature Filing."

Appeal quashed.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/19

---

The present facts do not involve a good faith, diligent appellant who filed her appeal in response to the court's initial announcement of determination but before the actual entry of the appealable order. Instead, they involve an appellant who waited 77 days to appeal from the order of which she now complains. Moreover, her case does not involve a scenario in which the court was to make, as a matter of course, an "actual entry of an appealable order." Principles of equity and judicial economy sought to be advanced by Rule 905(a)(5), therefore, are not implicated in the present case. For these reasons, we deem Rule 905(a)(5) inapplicable to the present matter.