J-S46042-20

2020 PA Super 281

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BERTRAND GBOKO | : | |
| | : | |
| Appellant | : | No. 708 EDA 2020 |

Appeal from the Judgment of Sentence Entered January 30, 2020
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002584-2019

BEFORE: BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

OPINION BY MUSMANNO, J.:                    **FILED DECEMBER 10, 2020**

Bertrand Gboko ("Gboko") appeals from the judgment of sentence imposed following his conviction of recklessly endangering another person and possession of an instrument of crime.[1]  We affirm.

The trial court summarized the factual history underlying the instant appeal as follows:

> On the night of March 26, 2019, [Gboko] attended a happy hour event with co-workers who dropped him off at Front Street and Girard Avenue when the happy hour ended.  While waiting for his trolley, two men approached [Gboko] and attempted to rob him. [Gboko], who admitted to being "buzzed," attempted to fight back using a pocket knife.  [Gboko] then swung the knife and attacked an uninvolved bystander [("the Complainant")], who was forced to use a table leg to defend himself multiple times.  Police showed up and arrested [] Gboko[,] who was charged with aggravated assault, possession of an instrument of crime with the intent to employ it criminally, simple assault, and recklessly endangering another person.  At trial, [] Gboko testified on his own behalf and

---

[1] *See* 18 Pa.C.S.A. §§ 2705, 907.

> a stipulation was introduced into the record acknowledging [that] Gboko is a law abiding and peaceful person.

Trial Court Opinion, 6/29/20, at 1 (unnumbered) (citations to record and some capitalization omitted).[2]

Following a bench trial, Gboko was convicted of recklessly endangering another person and possession of an instrument of crime, and found not guilty of the remaining offenses. On January 30, 2020, the trial court sentenced Gboko to concurrent terms of 18 months of probation. The trial court also ordered Gboko to receive anger management counseling and mental health treatment.[3] Gboko filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Gboko now raises the following issues for our review:

1. Did the [trial] court err when it did not permit the defense to present testimony from good character witnesses, and instead admitted a prosecutor's objected[-]to stipulation?

2. Did [Gboko] have a right to present evidence of his good character for truthfulness?

Brief for Appellant at 2.

_____

[2] On May 15, 2019, Gboko filed an Omnibus Motion, seeking suppression of physical evidence, and various discovery orders. From the record, it is unclear whether the Omnibus Motion was ever litigated or resolved.

[3] Prior to sentencing, Gboko filed a Motion for Extraordinary Relief, challenging the sufficiency and the weight of the evidence. The trial court entered an Order denying the Motion on the same date that it imposed its sentence.

We will address Gboko's claims together. In his first claim, Gboko argues that the trial court erred by admitting the Commonwealth's suggested stipulation, despite objections raised by defense counsel. *Id.* at 9. Gboko acknowledges that a trial court has discretion in determining whether to admit evidence, but states that this discretion is not absolute. *Id.* Gboko contends that, essentially, he was forced to abide by a stipulation to which he did not agree, and a one-party stipulation should not be permitted. *See id.* at 9-13. Further, Gboko asserts that the trial court improperly addressed his challenge as an argument that the court had erred by barring *additional* character witnesses, when in fact, Gboko was not able to present any character witnesses. *Id.* at 13.

In his second claim, Gboko contends that the trial court erred by excluding evidence concerning Gboko's character for truthfulness. *Id.* at 14. Gboko claims that the trial court improperly interpreted Pa.R.E. 608 to permit evidence of a defendant's character for truthfulness only after the Commonwealth attacks his reputation for truthfulness. *Id.* According to Gboko, "[h]is credibility was critical," because he and the Complainant "presented a dramatically different version of events[.]" *Id.* at 18.

> The admission of evidence is committed to the sound discretion of the trial court, and a trial court's ruling regarding the admission of evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous.

*Commonwealth v. Minich*, 4 A.3d 1063, 1068 (Pa. 2010) (citation and quotation marks omitted).

"A stipulation is a declaration that the fact agreed upon is proven, and a valid stipulation must be enforced according to its terms." *Commonwealth v. Mitchell*, 902 A.2d 430, 460 (Pa. 2006) (citation, quotation marks and brackets omitted).

Generally, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Pa.R.E. 404(a)(1). However, in a criminal case, "a defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it[.]" Pa.R.E. 404(a)(2)(A). "When evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation. Testimony about the witness's opinion as to the character or character trait of the person is not admissible." Pa.R.E. 405(a); *see also Commonwealth v. Kouma*, 53 A.3d 760, 769 (Pa. Super. 2012) (stating that a defendant may "introduce evidence of his or her reputation among associates or within a particular community." (citation and quotation marks omitted)).

Regarding a witness's character for truthfulness, Rule 608 provides as follows:

**(a) Reputation Evidence.** A witness's credibility may be attacked or supported by testimony about the witness's reputation

for having a character for truthfulness or untruthfulness. **But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked**. Opinion testimony about the witness's character for truthfulness or untruthfulness is not admissible.

> **(b) Specific Instances of Conduct.** Except as provided in Rule 609 (relating to evidence of conviction of crime),
>
> > (1) the character of a witness for truthfulness may not be attacked or supported by cross-examination or extrinsic evidence concerning specific instances of the witness'[s] conduct; however,
> >
> > (2) in the discretion of the court, the credibility of a witness who testifies as to the reputation of another witness for truthfulness or untruthfulness may be attacked by cross-examination concerning specific instances of conduct (not included arrests) of the other witness, if they are probative of truthfulness or untruthfulness; but extrinsic evidence thereof is not admissible.

Pa.R.E. 608 (emphasis added).

Further, this Court has addressed the relationship between Rules 404 and 608 as follows:

> Rule 608(a) permits a testifying defendant to call witnesses to testify as to his or her truthful character whenever the Commonwealth attacks his or her general reputation for truthfulness during trial. Conversely, Rule 404[(a)(2)(A)] permits a defendant (testifying or non-testifying) to call witnesses to testify as to his or her truthful character when the defendant's reputation for truthfulness is pertinent to the underlying criminal offense, *e.g.*, perjury.

***Commonwealth v. Kennedy***, 151 A.3d 1117, 1128 (Pa. Super. 2016).

The following exchange occurred during Gboko's bench trial:

> [Defense Counsel]:  I would not rest.  I actually have several people here on behalf of [] Gboko.  I understand, Your Honor, for

- 5 -

the sake of brevity, I would just ask that three people of the -- we have eight people here today -- testify about [] Gboko's character.

[Assistant District Attorney ("ADA")]:  I said I would stipulate.

[The Court]: I thought you had a stipulation as to his character.

[Defense Counsel]:  And I understand we don't want to stipulate -- I mean, we don't want everyone to testify, but I think it is important that Your Honor see the people who know [] Gboko, and that they testify live and directly and tell Your Honor exactly who [] Gboko is.

[The Court]:  Okay.  I think the stipulation is appropriate.  You can swear in all the people.  You can have them all introduce themselves, what their relationship is to [] Gboko, and how long they have known him.

[Defense Counsel]:  I understand.

[The Court]: So we can do that.  So I'll be clear as who [*sic*] they are and what their relationship is and how long he's known them.  There's a stipulation as to character, but we want to have an introduction as to every one of them that is in the room today.

N.T., 8/20/19, at 88-89.  All of Gboko's character witnesses were then sworn in, and each witness explained to the court the nature of his or her relationship to Gboko, and how long he or she had known Gboko.  ***See id.*** at 89-93.  Subsequently, the following exchange occurred:

[Defense Counsel]:  Your Honor, **there's been an** [*sic*] **stipulation by and between counsel** that if everyone who's here for [] Gboko would have testified[,] that they know his reputation in the community.  They know his reputation as that of -- as one of those -- I'm sorry, **as peaceful, as truthful, and as law abiding**.

[ADA]:  **There's no stipulation to truthfulness**.

[Defense Counsel]: Okay.  Well, then what are we doing here?  I can call everybody here and ask them if he's truthful.

- 6 -

The Court: Peaceful and law abiding.

[Defense Counsel]: Your Honor, we're entitled to those stipulations.

[ADA]: I don't think you are.

[Defense Counsel]: Yes, we are.

The Court: All right. Some of this you all needed to work out ahead of time because at this point we're like at a protracted hearing. You know what I'm saying? Because we've been doing this for a[ ]while. This is the only trial we've done, and we've been doing it for a[ ]while. You know, I'm going to take a break, and so is the steno[grapher]. I'm going to be back out in five minutes. You need to figure this out.

(Recess.)

(Off the record.)

Court Crier: Court's back in session.

The Court: All right. You guys still don't have a stip -- that is my understanding, and this is where I am with this. His testimony for law -- **his reputation for law abiding and peacefulness is something that you can stipulate. That truthfulness does not have to be part of it unless his truthfulness was specifically attacked**, then truthfulness testimony -- that's when truthfulness testimony could be brought in. Now, and the fact that obviously there's two different versions of the story, does not mean specifically that his reputation for truthfulness was attacked. So, we can have a stipulation for peaceful and law abiding. As far as truthfulness, nobody can really testify to truthfulness. So, that's where I am with having read the rule and looked at some cases really quickly. So that's where we are.

So, at this point, as far as I see things, I feel that **for the truthful--for the peaceful and law abiding, there's a stipulation as related to that**. I got testimony as related to each person and how long they have known [] Gboko. And then, as far as I'm concerned, I feel like that's where we -- I would assume at this point defense can rest, and then we need to do brief closings.

- 7 -

[Defense Counsel]: Yes, Your Honor. So, I would at this point --
I understand Your Honor's ruling. I would just object for the
record. …

*Id.* at 93-94 (emphasis added; some paragraph breaks omitted).

The trial court stated in its Opinion that the parties stipulated that Gboko is a peaceful and law-abiding person. Trial Court Opinion, 6/29/20, at 1 (unnumbered). Our review of the record confirms that, initially, defense counsel intended for at least three of Gboko's character witnesses to testify at trial. *See* N.T., 8/20/19, at 88. However, following subsequent discussion, defense counsel agreed to stipulate that each of Gboko's character witnesses would testify that Gboko is a peaceful and law-abiding person. *See* N.T., 8/20/19, at 93 (wherein defense counsel stated, "there's been an [*sic*] stipulation by and between counsel…."). Additionally, the trial court had the opportunity to speak with each of Gboko's character witnesses, and to learn the nature of each witness's relationship to Gboko. *See id.* at 89-93. Defense counsel objected only after the Commonwealth stated it would not agree to stipulate to Gboko's truthfulness, and the trial court agreed that such stipulation would not be appropriate. *See id.* at 96. Thus, Gboko's claim that the trial court prevented him from presenting character witnesses is belied by the record.

Moreover, truthfulness is not relevant to the offenses of recklessly endangering another person or possession of an instrument of crime. Additionally, Gboko testified on his own behalf at trial, and the Commonwealth

did not attack Gboko's general reputation for truthfulness.[4] **See Kennedy**, **supra**; **see also id.** (stating that "when truthfulness is not relevant to the underlying criminal offense, a defendant may *only* call witnesses to testify as to his or her truthfulness when (a) he or she chooses to testify on his or her own behalf, *and* (b) the Commonwealth attacks the defendant's truthfulness through either cross-examination or by other witness' testimony." (emphasis added)). Accordingly, Gboko was not entitled to a stipulation regarding his character for truthfulness, nor was he entitled to introduce such evidence under either Rule 404 or Rule 608.

Based upon the foregoing, we affirm Gboko's judgment of sentence.

Judgment of sentence affirmed.

_____

[4] In fact, Gboko makes no attempt to argue that the Commonwealth attacked his general character for truthfulness. Instead, Gboko argues only that his credibility was critical to the issue. "[W]here the prosecution has merely introduced evidence denying or contradicting the facts to which the defendant testified, but has not assailed the defendant's community reputation for truthfulness generally, evidence of the defendant's alleged reputation for truthfulness is not admissible." **Kennedy**, 151 A.3d at 1128 (citation and quotation marks omitted); **see also id.** (concluding that the defendant was not entitled to introduce evidence of truthfulness in light of testimony by two witnesses who contradicted the defendant's testimony).

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 12/10/2020*