J-A15001-24

2024 PA Super 179

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JESSICA MARIE LOPEZ | : | |
| | : | |
| Appellant | : | No. 668 MDA 2023 |

Appeal from the Judgment of Sentence Entered April 4, 2023
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0004474-2020

BEFORE:   DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

OPINION BY DUBOW, J.:                          **FILED: AUGUST 13, 2024**

Appellant, Jessica Marie Lopez, appeals from the judgment of sentence entered on April 4, 2023, in the Court of Common Pleas of Lancaster County after a jury convicted her of Riot, Criminal Conspiracy to Commit Riot, Failure of Disorderly Persons to Disperse upon Official Order, Obstructing Highways and Other Public Passages, Criminal Trespass, and Disorderly Conduct.[1] Appellant challenges the trial court's exclusion of character evidence of her reputation for involvement in peaceful protests.   After careful review, we affirm.

**A.**

We glean the relevant factual and procedural history from the trial court's Pa.R.A.P. 1925(a) Opinion.   On the night of September 13, 2020,

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 5501(1), 903(a)(1), 5502, 5507(a), 3503(b)(1)(i), and 5503(a)(1), respectively.

protestors gathered in front of the Lancaster police headquarters following an officer-involved shooting. During the ensuing unrest, Appellant assumed a role of "active leadership and participation[.]" Trial Ct. Op, 8/3/23, at 15. Video footage showed that, throughout the night, Appellant gave speeches to the crowd, "orchestrated a blockade" of an adjacent street, was "front and center" as protestors moved up the ramp of the police headquarters, and posed for a picture by a dumpster that other protestors had set on fire. **Id.** at 13. Appellant and the other protestors did not disperse despite numerous orders to do so. Police arrested Appellant on September 14, 2020.

The Commonwealth charged Appellant with the above charges, and she proceeded to a jury trial on November 7, 2022. During her trial, Appellant attempted to present evidence of her reputation for involvement in peaceful protests through several character witnesses who knew her from attending other protests with her. During the first witness's testimony, the Commonwealth objected. The court sustained the objection and permitted the witnesses to testify only to Appellant's reputation for peacefulness generally, but not for involvement in peaceful protests. This allowed the Commonwealth to impeach the witnesses' testimony with Appellant's prior Simple Assault conviction.[2]

---

[2] On August 24, 2022, Appellant had filed a motion in *limine* to exclude evidence of, *inter alia*, her Simple Assault conviction. On October 6, 2022, the court denied the motion in relevant part, stating that "should [Appellant] choose to present character testimony at trial regarding the character trait of
*(Footnote Continued Next Page)*

The jury convicted Appellant of all charges. On April 4, 2023, following a pre-sentence investigation, the court sentenced Appellant to an aggregate term of 13 to 30 months of incarceration followed by 3 years of probation, and ordered her to pay $7,068.17 in restitution. On April 12, 2023, Appellant filed a timely post-sentence motion, which the court denied on April 17, 2023.

**B.**

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant raises one issue for our review:

> Did the trial court impermissibly restrict Appellant's right to present evidence of her reputation for peaceful protest at her trial?

Appellant's Br. at 4.[3]

**C.**

Appellant challenges the trial court's exclusion of her proffered character evidence. We review evidentiary rulings for an abuse of discretion. ***Commonwealth v. Thompson***, 106 A.3d 742, 754 (Pa. Super. 2014). An abuse of discretion is "the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will[,] or partiality, as shown by the evidence of record." ***Commonwealth v. Harris***, 884 A.2d 920, 924 (Pa. Super. 2005) (citations omitted).

---

peacefulness, the Commonwealth shall be permitted to introduce evidence of [her] conviction for Simple Assault." Order, 10/6/22, at 1 (unpaginated).

[3] Appellant raised 11 other issues in her Rule 1925(b) Statement, but she raised and addressed only this issue in her brief to this Court.

A defendant in a criminal case may offer evidence of a "pertinent" character trait. Pa.R.E. 404(a)(2)(A). Our Supreme Court has defined "pertinent" to mean "relevant to the crime charged[.]" **Commonwealth v. Minich**, 4 A.3d 1063, 1071 (Pa. Super. 2010). It is well-settled that "[e]vidence of [a defendant's] good character . . . must be limited to [her] general reputation for the particular trait or traits of character involved in the commission of the crime charged. Such evidence must . . . be established by testimony of witnesses as to the community opinion of the [defendant], **not through specific acts**[.]" **Commonwealth v. Radecki**, 180 A.3d 441, 453–54 (Pa. Super. 2018) (citation omitted, emphasis added). In addition, character is "a generalized propensity to act in a certain way without reference to specific conduct, and frequently contains a normative, or value-laden, component[,]" such as a character for truthfulness. Pa.R.E. 406 cmt. Character evidence is inadmissible to prove that a defendant acted in accordance with that trait on a particular occasion. Pa.R.E. 404(a)(1).

\*

Appellant claims that the court erred by excluding evidence of her prior involvement in peaceful protests and permitting her to put forth only character evidence of peacefulness generally. Appellant's Br. at 10, 13-14. She explains that "a reputation for peacefulness suggests [] that a person would not be violent under any circumstance[,]" while "[a] reputation for peaceful protest means that someone would not use violence to redress their political grievances." **Id.** at 13-14. Appellant further argues that her reputation for

being involved in peaceful protests was a "pertinent trait" because her intent in giving her speeches—*i.e.*, whether she intended to cause disorder—was at issue. *Id.* at 13. Finally, she asserts that the trial court's failure to distinguish between peacefulness generally and involvement in peaceful protest prejudiced her because the Commonwealth impeached the testimony asserting her reputation for peacefulness with her Simple Assault conviction (but could not have impeached her reputation for peacefully protesting because her Simple Assault conviction was not in the context of a protest). *Id.* at 14-15.

During trial, the court stated that "the relevant character trait [is] peacefulness [and] by adding the element of making it protest, not general peacefulness, it seemingly takes this beyond the issue of character into the instances of specific conduct, which would not be appropriate." N.T. Trial, 11/8/22, at 224. The court further explained that "peaceful protest" is not a "generalized propensity to act in a certain way without reference to [a] specific factual context[,]" whereas peacefulness is. Trial Ct. Op. at 17. Accordingly, it concluded that, since "peaceful protest" denotes behavior in a specific factual context, it is "potential[ly]" habit evidence under Pa.R.E. 406 but is not pertinent character evidence under Pa.R.E. 404(a)(2)(A).[4] *Id.* at 18.

_____

[4] Appellant also argues that, if the court considered evidence of peaceful protest to be habit evidence rather than character evidence, then the court erroneously excluded it because habit evidence is admissible. Appellant's Br. at 15-16. However, our review of the trial court's opinion does not indicate that the court determined that it was habit evidence.

Following our review, we discern no abuse of discretion in the trial court's determination that evidence of involvement in peaceful protests is not the generalized character evidence permitted by Pa.R.E. 404(a). Appellant attempted to introduce evidence of her involvement in peaceful protests, rather than peacefulness generally, in order to introduce evidence of her conduct at past protests to prove that she acted in accordance with that conduct during the protest at issue. This is prohibited under Pa.R.E. 404(a). Accordingly, the court properly exercised its discretion when it prohibited Appellant from offering evidence of specific acts of prior peaceful protesting to prove that she acted similarly during the protest at issue. The court's decision to exclude Appellant's proffered character evidence was neither manifestly unreasonable nor the result of a misapplication of the law.[5] We, thus, affirm the judgment of sentence.

Judgment of Sentence affirmed.

---

[5] Moreover, we note that the court permitted Appellant's character witnesses to testify about her reputation for peacefulness generally, and those witnesses also testified that they knew Appellant from the activist community and prior protests. *See*, *e.g.*, N.T. Trial, 11/8/22, at 225-26, 232-33, 237; N.T. Trial, 11/9/22, at 281-82. The jury could, thus, surmise that Appellant had been involved in peaceful protests in the past.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 08/13/2024